IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PATRICIA L. SMITH, BY AND THROUGH
HER POWER OF ATTORNEY, ALISSA S. LILLY
AND ALISSA S. LILLY, INDIVIDUALLY                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:16CV001-NBB-RP

FIDELITY & GUARANTY LIFE
INSURANCE COMPANY                                                      DEFENDANT

## ORDER DENYING SUMMARY JUDGMENT

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and applicable authority, the court finds that the motion is not well taken and should be denied.

The present action arises from the plaintiffs' claim that the defendant, Fidelity & Guaranty Life Insurance Company, wrongfully refused to reinstate a $50,000 life insurance policy issued almost thirty years ago. Though the defendant ultimately reinstated the policy "as a gesture of customer courtesy" after several months of this litigation, the plaintiffs maintain that their claims remain viable and that genuine issues of material fact preclude summary judgment on any of the claims. The plaintiffs have sued for breach of contract, tortious breach of contract, negligent misrepresentation, fraudulent misrepresentation, breach of the duty of good faith and fair dealing, infliction of emotional distress, and systemic bad faith.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to

"go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

The court finds that the plaintiffs have presented genuine issues of material fact which must be resolved before judgment may be entered in this case. These issues include, but are not limited to, whether the defendant had a legitimate and arguable reason for refusing to reinstate the policy after it lapsed due to nonpayment of premiums, whether the defendant's Payment Due Notice and Late Payment Notice contain material misrepresentations, and whether the defendant's course of conduct presents sufficient grounds for waiver and estoppel which would preclude the defendant from enforcing its policy terms or justifying a policy forfeiture.[1]

Accordingly, summary judgment is inappropriate, and the defendant's motion should be and the same is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this 22nd day of May, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] The defendant asserts that the plaintiffs did not raise "claims" for waiver and estoppel in their complaint and should therefore be precluded from presenting these matters in response to the defendant's motion for summary judgment. The court disagrees. *See Gilley v. Protective Life Ins. Co.*, 17 F.3d 775, 781 (5th Cir. 1994) (finding that a waiver and estoppel argument first raised in response to a motion for summary judgment was not waived).